# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

_____

DuMorr Lift Rentals, LLC,

       Plaintiff,

v.         Civil Action No. 1:22-cv-359

Graphic Impact Signs, Inc.

       **JURY TRIAL REQUESTED**

       Defendant.

_____

## **COMPLAINT**

NOW COMES DuMorr Lift Rentals, LLC ("DuMorr") and complains against Graphic Impact Signs, Inc. ("GIS") for breach of contract and other wrongs for the reasons that follow.

### **PARTIES, JURISDICTION, AND VENUE**

1. DuMorr is a New Hampshire limited liability company with a place of business at 14 Caldwell Drive, Amherst, New Hampshire 03031.

2. GIS is a Massachusetts for profit corporation with its principal place of business located at 575 Dalton Avenue, Pittsfield, Massachusetts 01201.

3. This Court has subject matter jurisdiction over DuMorr's state law claims under 28 U.S.C. § 1332.

4. This Court has personal jurisdiction over GIS because it purposefully availed itself to the Courts of the State of New Hampshire by entering into the Rental Agreement

(attached as **Exhibit A**) with DuMorr with knowledge that DuMorr operates in New Hampshire and by consenting to the jurisdiction of Courts of the State of New Hampshire via the Rental Agreement.

5. Venue is appropriate under 28 U.S.C. § 1391 because a substantial part of the actions giving rise to this claim occurred in this judicial district. Further, this dispute arises in connection with the Rental Agreement between the parties containing a forum selection clause providing for venue in New Hampshire.

## FACTS

6. On June 22, 2020, GIS agreed to the terms of the Rental Agreement.

7. Pursuant to the Rental Agreement, GIS rented an Elliott V60F Aerial Platform Lift (the "Lift") from DuMorr.

8. According to an Incident Report, the machinery of the Lift failed while GIS was using it to service a sign on or about June 1, 2022.

9. A third-party engineering firm determined that the failure was solely due to GIS' negligent and improper use of the Lift.

10. According to the Rental Agreement, GIS "shall maintain and keep the Equipment in good repair and first-class mechanical condition without cost of liability to [DuMorr]. Rental charges shall continue to accrue during the period of repair." Exhibit A.

11. Furthermore, GIS agreed to:

> [M]aintain the Equipment as may be set forth in the owner's or maintenance manual accompanying the Equipment, including supplying fuel, oil and other fluids and liquids, daily inspection of the Equipment's general condition which includes checking oil, cooling liquids, water, batteries, recharging batteries, cylinders and instrumentation. In addition, [GIS] is responsible for proper

and prudent servicing of the Equipment. [GIS] expressly agrees to change engine oil and install new oil and fuel filters at every 200 hours of use. At 500 hours of use, [GIS] will replace air filters and transmission filters. At 1000 hours, [GIS] will replace all hydraulic filters. The date and hours must be dearly marked on all filters. All filters must meet manufacturer's minimum requirements. If the Equipment is operated during the winter months (October 1 through April 1) [GIS] is solely responsible for winterizing at protection to 40 degrees below zero, draining the air system daily, checking fuel tanks for water and remedy, and changing fuel filters. Exhibit A.

12. GIS' negligent and improper use of the Lift did not comply with the terms of the Rental Agreement.

13. It is estimated that it will cost $88,579.26 to repair the Lift.

14. It is estimated that the repair will take eight (8) months to complete.

15. Rental charges for eight (8) months equal $28,000, which GIS agreed to incur under the Rental Agreement.

16. According to the Rental Agreement, GIS "assumes and shall bear all risk of damage to or loss, theft or destruction of the Equipment from any cause during the term of this Agreement whether or not such loss or damage is covered by insurance." Exhibit A.

17. Furthermore, GIS agreed to "indemnify and hold [DuMorr] harmless from all liabilities, losses, damages, penalties, claims, actions, suits, costs, expenses and disbursements of whatever kind and nature, including legal fees and expenses . . . arising out of [the] Agreement . . . ." Exhibit A.

18. GIS also agrees to indemnify DuMorr for the "selection, use, operation, servicing, maintenance, repair or return of the Equipment including but not limited to claims

as a result of latent, patent or other defects, whether or not discoverable by [GIS] or [DuMorr] . . . ." Exhibit A.

## COUNT I – BREACH OF CONTRACT

19. DuMorr incorporates all paragraphs above.

20. The June 22, 2020 Rental Agreement is a valid, binding, and enforceable contract.

21. The terms of the Rental Agreement require GIS to bear the costs to properly maintain and repair the Lift to ensure that it is "in good repair and first-class mechanical condition." Exhibit A.

22. GIS also agreed to indemnify DuMorr for any costs to repair or maintain the Lift.

23. The Lift failed and was damaged while it was in GIS' control.

24. The Lift's failure and damage was caused by GIS' negligent and improper care of the Lift.

25. To date, GIS has not paid DuMorr for costs to repair the Lift or for rent while the Lift is being repaired.

26. As a result, GIS is in breach of the Rental Agreement and DuMorr is entitled to damages for the cost of repairs and the cost of rent while the Lift is being repaired, in addition to attorneys' fees.

## COUNT II – NEGLIGENCE

27. DuMorr incorporates all paragraphs above.

28. DuMorr has a protected ownership interest in the Lift.

29. GIS owed DuMorr a duty of care to maintain and operate the Lift in a reasonably safe and careful manner.

30. GIS acted negligently in its care and maintenance of the Lift

31. GIS's negligence proximately caused damage to the Lift and thereby to DuMorr.

32. DuMorr is, therefore, entitled to damages for the cost of repairs to the Lift and lost revenue while the Lift is being repaired.

## JURY TRIAL REQUESTED

DuMorr hereby requests trial by jury on all counts triable thereto.

## PRAYER FOR RELIEF

WHEREFORE, DuMorr respectfully requests that this Honorable Court:

A. Award DuMorr all actual damages and consequential damages it is entitled to;

B. Award DuMorr its reasonable attorneys' fees and costs;

C. Award DuMorr pre- and post-judgment interest; and

D. Grant such other relief as may be just and proper.

Dated:  September 14, 2022

          Respectfully submitted,
          Attorneys for DuMorr Lift Rentals, LLC,
          Bernstein, Shur, Sawyer & Nelson, P.A.

          */s/ Edward J. Sackman*
          Edward J. Sackman, Bar No. 19586
          670 N. Commercial Street, Suite 108
          P.O. Box 1120
          Manchester, New Hampshire 03105
          (603) 623-8700
          nsackman@bernsteinshur.com